UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOCELYNN FRIEDMAN, an individual,

Plaintiff,

v.

CARRINGTON MORTGAGE SERVICES, LLC; and DOES 1 through 50, inclusive,

Defendants.

No. 2:26-cv-1636 WBS SCR

MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS

----oo0oo----

Plaintiff Jocelynn Friedman brought this action against defendant Carrington Mortgage Services, LLC, in connection with defendant's allegedly unlawful debt-collection efforts on a reverse mortgage and the eventual foreclosure on plaintiff's home.  (First Amended Compl. ("FAC") (Docket No. 1) at 19.) Plaintiff brings claims for (1) violation the Homeowner Bill of Rights, Cal. Civ. Code §§ 2924.17(a)-(b) ("HBOR"); (2) violation

1

of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("the Rosenthal Act"); (3) wrongful foreclosure; (4) violation of California's Unfair Competition Law; and (5) declaratory relief. (Id.) Defendant moves to dismiss all claims. (Docket No. 3.)

I.    Background

This action arises from a reverse mortgage obtained by plaintiff's grandmother, Jimmie Bolter, in 2008, secured by a deed of trust on her home. (FAC ¶ 1.) The deed of trust was reassigned several times until eventually it came into the service of defendant. (Id. ¶ 18.) Plaintiff inherited the home upon her grandmother's death in 2019 through a quitclaim deed; she was unaware of the deed of trust at the time of her inheritance. (Id. ¶ 17.)

In 2024, plaintiff began receiving correspondences from defendant, who requested monthly payments on the loan, "despite no monthly payments being due since the Loan was a reverse mortgage." (Id. ¶ 22.) Defendant also sent plaintiff monthly statements on the loan, which allegedly listed inaccurate and contradictory amounts due. (Id. ¶ 21.) Plaintiff did not pay off any portion of the principal due on the mortgage; defendant subsequently issued a notice of default, a notice of trustee's sale, and initiated foreclosure proceedings. (Id. ¶ 23-34.) A nonjudicial foreclosure sale was conducted on September 10, 2025. (Id. ¶ 34.)

II.   The HBOR Claim

Plaintiff alleges that defendant violated the HBOR, Cal. Civ. Code §§ 2924.17(a)-(b), because the assignment of the

2

deed of trust, notice of default, and notice of trustee's sale were "not accurate or supported by competent and reliable evidence" as required by the statute, and because defendant failed to follow the statutorily required procedure prior to foreclosure. (FAC at 25.) Defendant argues that plaintiff does not have standing to sue under the HBOR because she is not a borrower. (Docket No. 3 at 7.)

Defendant's argument is in accord with the well-established principle that "only 'borrowers' have standing to assert claims for violation of HBOR." Green v. Cent. Mortg. Co., No. 14-CV-04281-LB, 2015 WL 5157479, at *4 (N.D. Cal. Sept. 2, 2015) (collecting cases). Plaintiff nowhere argues that she is a borrower on the loan, only that she is a successor in interest to the property. However, "being a successor-in-interest does not necessarily mean one is a borrower," and plaintiff does not otherwise explain how she would qualify as a borrower under the HBOR. Ogilvie v. Bank of Am., N.A., No. 23-cv-6156 MWF, 2023 WL 8259274, at *3 (C.D. Cal. Oct. 24, 2023). When asked at oral argument to identify authority supporting plaintiff's standing under HBOR, plaintiff's counsel cited none.

Plaintiff is therefore not the proper party in interest under the HBOR, and defendant's motion to dismiss will be granted as to this claim. See Austin v. Ocwen Loan Servicing, LLC, No. 14-cv-0970 JAM, 2014 WL 3845182, at *3 (E.D. Cal. Aug. 1, 2014) (dismissing HBOR claim on standing grounds "because Plaintiff is not the borrower").

III. The Rosenthal Act Claim

"The Rosenthal Act was enacted 'to prohibit debt

3

collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.'" Davidson v. Seterus, Inc., 21 Cal. App. 5th 283, 295 (2018) (citing Cal. Civ. Code § 1788 et seq.).  Citing cases, defendant argues that plaintiff cannot sue under the Rosenthal Act because mortgage servicers are not "debt collectors" as defined in the Act, and that "foreclosure is not debt collection activity" under the Act. (Docket No. 3 at 9 (collecting cases).)

Defendant's cited authority, however, predates the Davidson case, which determined that "the Rosenthal Act's definition of 'debt collector' applies to a mortgage servicer," and that the Act applies to "debt collection practices in attempting to obtain repayment of mortgage debt."  Davidson, 21 Cal. App. 5th at 289-305.  Defendant's cases also predate the 2020 amendment to the Rosenthal Act, which provided that "the term 'consumer debt' includes a mortgage debt."  Cal. Civ. Code § 1788.2(f); see also Dantzler v. PHH Mortg. Corp., No. 2:23-cv-10562 MRA MAR, 2024 WL 5379405, at *5 (C.D. Cal. Dec. 23, 2024) (following the definition of "debt collector" in Davidson and noting the Act "explicitly states that '[t]he term 'consumer debt' includes a mortgage debt'"); Best v. Ocwen Loan Servicing, LLC, 64 Cal. App. 5th 568, 578 (2021) (holding that activities connected to "nonjudicial foreclosure[s]" constitute "indirect attempt[s] to collect a debt" within the meaning of the Act).

Plaintiff's complaint contains plausible allegations to support her Rosenthal Act claim.  Plaintiff alleges defendant sent monthly statements in the lead-up to the foreclosure that inaccurately described the loan's terms, including the amount

4

due, interest rate, and balances owed. (FAC ¶ 18.) Those allegations -- misrepresenting both the amount of the debt and, by sending monthly statements reflecting amounts due on a reverse mortgage, its character -- state a claim under the Rosenthal Act, which incorporates the FDCPA's prohibition on false or misleading representations under the "least sophisticated debtor" standard. Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir. 2007).

Because defendant is a debt collector under the Act and plaintiff has otherwise stated a claim, defendant's motion will be denied as to plaintiff's Rosenthal Act claim.

IV.   The Wrongful Foreclosure Claim

Defendant argues that plaintiff has not stated a claim for wrongful foreclosure because there has been no illegal, fraudulent, or willfully oppressive sale of the property. (Docket No. 3 at 6.) The complaint alleges that defendant provided misleading monthly statements, mischaracterized the mortgage loan, and refused to engage with plaintiff's requests to pay off the outstanding balance. (FAC ¶¶ 19-26.) These allegations sufficiently support plaintiff's claim that the foreclosure was willfully oppressive. See Miles v. Deutsche Bank Nat'l Trust Co. 236 Cal. App. 4th 394, 408-09 (2015) (reversing dismissal where the loan servicer misrepresented borrower's obligations and mishandled the loan before foreclosing).

Because defendant has failed to show that plaintiff has inadequately pled her wrongful foreclosure claim, defendant's motion will be denied as to that claim.

V.   The UCL Claim

5

Defendant also moves to dismiss plaintiff's UCL claim on the grounds that "the underlying causes of action" and "statutory violation[s]" all fail, and therefore "the Section 17200 claim necessarily fails."  (Docket No. 3 at 11.)

"California's Unfair Competition Law prohibits business practices that are unlawful, unfair, or fraudulent." Penaloza v. Select Portfolio Servicing, Inc., No. 14-cv-2571 PA, 2014 WL 12580050, at *9 (C.D. Cal. Aug. 11, 2014).  "A violation of the UCL may be established under any of the three prongs." Slaughter v. Wells Fargo Bank, N.A., No. 14-cv-7652 PA, 2014 WL 12570167, at *3 (C.D. Cal. Dec. 22, 2014).

Plaintiff has adequately alleged her UCL claim under the unlawful and fraudulent prongs.  Under the unlawful prong, the UCL "borrows violations of other laws and treats them as unlawful practices" that are "independently actionable." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  As the court has explained, plaintiff has adequately alleged a violation of the Rosenthal Act, which supplies a predicate for the unlawful prong.

As to the fraudulent prong, a business practice is "fraudulent" within the meaning of the UCL if "members of the public are likely to be deceived." Comm. on Children's Television, Inc. v. Gen. Foods Corp. (1983) 35 Cal. 3d 197, 211. Misleading and inaccurate communications about a borrower's loan fall within the fraudulent prong. See Boschma v. Home Loan Center, Inc. (2011) 198 Cal. App. 4th 230, 250-52 (borrowers adequately alleged a fraudulent-prong UCL claim based on the lender's misleading and inaccurate loan disclosures).  The court

6

has found adequate plaintiff's allegations of defendant's misleading representations leading up to foreclosure.

Because plaintiff has adequately plead her UCL claim under the unlawful and fraudulent prongs, the court will deny defendant's motion as to plaintiff's UCL claim.

VI.   Declaratory Relief

In its argument that plaintiff's claim for declaratory relief should be dismissed, defendant largely echoes its arguments on the merits of plaintiff's other claims before stating that "the claim necessarily fails since the underlying claims fail."  (Docket No. 3 at 12.)

"Declaratory relief under the Declaratory Judgment Act is not a cause of action in and of itself, but rather, a remedy." Gilliam v. Bank of Am., N.A., No. 17-cv-1296 DOC, 2018 WL 6537160, at *16 (C.D. Cal. June 22, 2018) (collecting cases).  As such, it is "derivative of underlying claims," and "a request for declaratory relief" will survive a motion to dismiss "if one of the substantive causes of action survives such a motion."  Id.

Because the court has found that plaintiff's Rosenthal Act and wrongful foreclosure claims survive, plaintiff's request for declaratory relief survives as well.  Defendant's motion will therefore be denied as to the claim for declaratory relief.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 3) be, and the same hereby is, GRANTED as to claim II for violation of the Homeowner Bill of Rights.  The motion is DENIED in all other respects.

Plaintiff has twenty-one (21) days from the date of this Order to file her amended complaint, if she can do so

consistent with this Order.

Dated:    June 10, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE